# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

IN RE:                                          )
                                                )   Case No: 3:23-bk-03951
PEACOCK JEWELERS, LLC,                          )   Chapter 7
                                                )   Judge Walker
    Debtor.                  )
                                                )

ERICA R. JOHNSON, TRUSTEE,                      )
                                                )
    Plaintiff,               )
                                                )
v.                                              )   Adv. Proc. No. 3:25-ap-90120
                                                )
CAPITAL ONE, N.A.,                              )
                                                )
    Defendant.               )
                                                )

ERICA R. JOHNSON, TRUSTEE,                      )
                                                )
    Plaintiff,               )
                                                )
v.                                              )   Adv. Proc. No. 3:25-ap-90123
                                                )
SYNCHRONY BANK,                                 )
                                                )
    Defendant.               )
                                                )

ERICA R. JOHNSON, TRUSTEE,                      )
                                                )
    Plaintiff,               )
                                                )
v.                                              )   Adv. Proc. No. 3:25-ap-90124
                                                )
U.S. BANK, N.A.,                                )
                                                )
    Defendant.               )
                                                )

**THE DEADLINE FOR FILING A RESPONSE IS: <u>August 18, 2026</u>**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:**
**<u>Wednesday, September 2, 2026, at 11:00 a.m.</u>, in Courtroom 2, United States Bankruptcy Court, 701 Broadway, Nashville, Tennessee (Virtual Hearing if Allowed; See Court's Website for Details)**

---

    The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are

opposed. **If a response or objection is not filed, the Court may grant the request without a hearing.** Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

## TRUSTEE'S MOTION
## TO APPROVE COMPROMISE AND SETTLEMENT

Chapter 7 trustee Erica R. Johnson hereby submits this motion (the "Motion") for this Court to enter an order (the "Order"), substantially in the form submitted herewith, approving the compromise and settlement of the above adversary proceedings filed in this matter. In support of this Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. Peacock Jewelers, LLC (the "Debtor") filed a voluntary Chapter 7 petition in this Court on October 27, 2023 (the "Petition Date"). Plaintiff Erica R. Johnson was appointed to serve as the Chapter 7 Trustee.

2. The Trustee reviewed the Debtor's list of transfers within the years prior to and following the bankruptcy filing and determined that several individuals or entities received potentially fraudulent and post-petition transfers, including Synchrony Bank, U.S. Bank, N.A., and Capital One, N.A. in these underlying adversary proceedings.

3. For Synchrony Bank, the Trustee found that it received $11,713.56 in both fraudulent pre-petition transfers and in avoidable post-petition transfers. For U.S. Bank, the Trustee found that it received fraudulent transfers totaling $12,954.58 before the Petition Date. And for Capital One, the Trustee found it received $79,000.00 in both fraudulent pre-petition transfers and in avoidable post-petition ones.

4. To get those transfers back, the Trustee filed the following complaints:

| Adversary Proceeding No. (the "APs") | Defendant (the "Defendants") |
|---|---|
| 25-ap-90120 | Capital One, N.A. |
| 25-ap-90123 | Synchrony Bank |
| 25-ap-90124 | U.S. Bank, N.A. |

5. Defendants responded informally to the APs and, after evaluating their positions, offered to settle, and the parties have since executed settlement agreements contingent upon this Court approving the terms below:

a. Capital One, N.A.; AP No. 25-ap-90120:

    i. Within 30 days of this Court entering the attached order approving this settlement, Capital One shall pay to the estate $25,000.00 (the "Payment").

    ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 30 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

    iii. Upon the Effective Date, the Trustee releases Capital One from all claims related to the transfers or the AP that the Debtor or the estate may have against it, or its officers, agents, or employees.

    iv. Upon the Effective Date, Capital One releases the Trustee and the estate from all claims related to the transfers or the AP that the Trustee or the estate may have against it, or its officers, agents, or employees.

    v. Capital One admits no liability for its conduct or the conduct of its agents or employees.

b. Synchrony Bank; AP No. 25-ap-90123:

    i. Within 30 business days of this Court entering the attached order and it becoming final and non-appealable, Synchrony will pay to the estate $2,500.00 (the "Payment").

    ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee

receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

iii. As of the Effective Date, Synchrony releases the Trustee, Debtor, and each's counsel from all claims it may have against the Trustee or Debtor related to the transfers or Payment.

iv. As of the Effective Date, the Trustee releases Synchrony, its agents, employees, and assigns from all claims the Trustee or Debtor may have against it relating to the transfers, Payment, Debtor, Debtor's business, and Bankruptcy Case.

v. Synchrony admits no liability for its conduct or the conduct of its agents or employees.

c. <u>U.S. Bank, N.A.; AP No. 25-ap-90124</u>:

i. Within 10 business days of this Court entering the attached order and it becoming final and non-appealable, U.S. Bank will pay to the estate $10,300.00 (the "Payment"), and that Payment may be added or charged back to the outstanding balance of the U.S. Bank accounts to which any portion of the Payment was originally made and credited.

ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

iii. As of the Effective Date, U.S. Bank releases the Trustee, Debtor, and each's counsel and other professionals from all claims it may have against the Trustee or Debtor relating to the transfers or Payment, except that U.S. Bank releases no claims or rights against Paul G. Wilson or any person or entity that received a direct or indirect benefit from the transfers made by Debtor.

iv. As of the Effective Date, the Trustee, for herself and on behalf of Debtor and its professionals, releases U.S. Bank, its employees,

and its agents from all claims it may have against it relating to the transfers, the Payment, Debtor's business, and the Bankruptcy Case.

v. U.S. Bank admits no liability for its conduct or the conduct of its agents or employees.

6. It is the Trustee's opinion that these settlements are in the estate's best interests, as it is more beneficial to creditors than the continued cost of litigation.

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicate for the relief requested herein is Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

## CASE STATUS

9. The Trustee is holding $37,800[1] on deposit in this bankruptcy estate currently.

10. The Trustee is not operating any business of Debtor, and hence there is no operating profit or loss. Debtor does not have an exemption in these settlement funds.

11. The deadline for filing claims was March 23, 2026. The amount of claimed unsecured debt is $527,157.62. The Trustee has not completed her evaluation of those claims and reserves the right to object to any claim in the future.

12. Other unpaid administrative expenses are as follows:

| Expense | Estimated Amount |
| --- | --- |
| Trustee Estimated Commission | $4,530 |
| Anticipated Attorneys' Fees for Thompson Burton PLLC[2] | $25,000 |
| Bank Fees | Unknown |

---

[1] This includes the proposed settlement funds from the settlements in this Motion.
[2] This is not a final amount and is subject to Trustee approval and further subject to court approval.

Case 3:25-ap-90120   Doc 17   Filed 07/28/26   Entered 07/28/26 15:27:44   Desc Main
Document    Page 5 of 16

13.     The proposed estimated distribution to creditors is as follows:

| Anticipated Funds on Hand | Distribution Amount if all Expenses and Fees Allowed[3] | Amount of Claimed Priority Debt[4] | Anticipated % of Priority Debt to be Paid | Amount of Claimed Non-Priority Unsecured Debt[5] | Anticipated % of Claimed Non-Priority Debt to be Paid[6] |
|---|---|---|---|---|---|
| $37,800 | $8,270 | $222,793.05 | N/A | $304,364.57 | 0.00% |

The amounts and percentages disclosed in the above paragraph are subject to change. At this time, the Trustee cannot predict the amount of the final distribution to creditors. No creditor should solely rely upon these representations in determining whether to object to the Trustee's Motion to Compromise.

## RELIEF REQUESTED

14.     By the Motion, the Trustee seeks an order approving the settlement and compromise of this adversary proceeding as above.

## APPLICABLE AUTHORITY

15.     Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fishell v. Soltow*, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. Feb. 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the

---

[3] This amount is subject to change as the case is fully administered and subject to discussions between trustee and counsel.

[4] This amount is subject to change. Such disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims.

[5] The amount is subject to change. Such disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims. This is the amount of timely claimed unsecured debt.

[6] This disclosure does not take into account any additional fees or expenses to the estate. It also does not take into account any interest and other fees associated with these unsecured claims. The Trustee reserves the right to object to the allowance of filed claims.

administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankr. ¶ 9019.03 (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. *See, e.g., In re Check Reporting Serv., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

16. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

a) the probability of success in litigation;

b) the difficulty in collecting any judgment that may be obtained;

c) the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and

d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-45 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Barton*, 45 B.R. 225, 227 (M.D. Tenn. 1984); *In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broad., Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

17. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Pa. Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of

the debtor. *Neshaminy Office*, 62 B.R. at 803.

18.     Under the circumstances presented here, the Trustee's settlement satisfies the applicable standards.

WHEREFORE, Trustee Johnson respectfully requests that this Court enter an order in the form of the Order submitted herewith and grant such other and further relief as is appropriate.

Respectfully submitted,

*/s/ Trent Meriwether*
Justin Campbell
Trent Meriwether
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel to Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the same day as this filing, a true and correct copy of the foregoing Motion to Approve Compromise and Settlement has been served on all parties of record through this Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

*/s/ Trent Meriwether*
Trent Meriwether

Case 3:25-ap-90120   Doc 17   Filed 07/28/26   Entered 07/28/26 15:27:44   Desc Main
Document     Page 9 of 16

PROPOSED

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:23-bk-03951 |
| PEACOCK JEWELERS, LLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| ERICA R. JOHNSON, TRUSTEE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:25-ap-90120 |
| CAPITAL ONE, N.A., | ) |
| Defendant. | ) |
| ERICA R. JOHNSON, TRUSTEE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:25-ap-90123 |
| SYNCHRONY BANK, | ) |
| Defendant. | ) |
| ERICA R. JOHNSON, TRUSTEE, | ) |
| Plaintiff, | ) |
| v. | ) Adv. Proc. No. 3:25-ap-90124 |
| U.S. BANK, N.A., | ) |
| Defendant. | ) |

## ORDER APPROVING COMPROMISE AND SETTLEMENT

This matter having come for hearing on the motion (the "Motion") filed Erica R. Johnson, chapter 7 trustee herein ("Trustee"), pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the compromise and settlement of the following adversary proceedings (the "APs"):

| Adversary Proceeding No. (the "APs") | Defendant (the "Defendants") |
|---|---|
| 25-ap-90120 | Capital One, N.A. |
| 25-ap-90123 | Synchrony Bank |
| 25-ap-90124 | U.S. Bank, N.A. |

No party-in-interest having timely filed a response to the Motion, and the Court being satisfied that the relief herein is appropriate under the circumstances and having been otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A.    The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

2.    The Trustee is hereby authorized to enter into all necessary documents, including settlement agreements or agreed orders, to consummate settlements with the following terms:

a. Capital One, N.A.; AP No. 25-ap-90120:

  i. Within 30 days of this Court entering the attached order approving this settlement, Capital One shall pay to the estate $25,000.00 (the "Payment").

  ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 30 days of the Effective Date, the

Trustee shall dismiss this AP with prejudice.

 iii. Upon the Effective Date, the Trustee releases Capital One from all claims related to the transfers or the AP that the Debtor or the estate may have against it, or its officers, agents, or employees.

 iv. Upon the Effective Date, Capital One releases the Trustee and the estate from all claims related to the transfers or the AP that the Trustee or the estate may have against it, or its officers, agents, or employees.

 v. Capital One admits no liability for its conduct or the conduct of its agents or employees.

b. <u>Synchrony Bank; AP No. 25-ap-90123</u>:

 i. Within 30 business days of this Court entering the attached order and it becoming final and non-appealable, Synchrony will pay to the estate $2,500.00 (the "Payment").

 ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

 iii. As of the Effective Date, Synchrony releases the Trustee, Debtor, and each's counsel from all claims it may have against the Trustee or Debtor related to the transfers or Payment.

 iv. As of the Effective Date, the Trustee releases Synchrony, its agents, employees, and assigns from all claims the Trustee or Debtor may have against it relating to the transfers, Payment, Debtor, Debtor's business, and Bankruptcy Case.

 v. Synchrony admits no liability for its conduct or the conduct of its agents or employees.

c. <u>U.S. Bank, N.A.; AP No. 25-ap-90124</u>:

 i. Within 10 business days of this Court entering the attached order and it becoming final and non-appealable, U.S. Bank will pay to

3

Case 3:25-ap-90120  Doc 17  Filed 07/28/26  Entered 07/28/26 15:27:44  Desc Main
Document   Page 12 of 16

the estate $10,300.00 (the "Payment"), and that Payment may be added or charged back to the outstanding balance of the U.S. Bank accounts to which any portion of the Payment was originally made and credited.

ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

iii. As of the Effective Date, U.S. Bank releases the Trustee, Debtor, and each's counsel and other professionals from all claims it may have against the Trustee or Debtor relating to the transfers or Payment, except that U.S. Bank releases no claims or rights against Paul G. Wilson or any person or entity that received a direct or indirect benefit from the transfers made by Debtor.

iv. As of the Effective Date, the Trustee, for herself and on behalf of Debtor and its professionals, releases U.S. Bank, its employees, and its agents from all claims it may have against it relating to the transfers, the Payment, Debtor's business, and the Bankruptcy Case.

v. U.S. Bank admits no liability for its conduct or the conduct of its agents or employees.

3. This Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND APPROVED FOR ENTRY BY:

*/s/ Trent Meriwether*
Justin Campbell
Trent Meriwether
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel to Trustee*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0650-3<br>Case 3:23-bk-03951<br>MIDDLE DISTRICT OF TENNESSEE<br>Nashville<br>Wed Jul 22 14:45:29 CDT 2026 | Erica R. Johnson, Attorney at Law, PLLC<br>8161 Highway 100, Suite 184<br>Nashville, TN 37221-4213 | Peacock Jewelers, LLC<br>1713 21st Ave S<br>Nashville, TN 37212-3703 |
| TN Dept of Revenue<br>c/o TN Attorney General's Office<br>Bankruptcy Division<br>PO Box 20207<br>Nashville, TN 37202-4015 | Wesler & Associates CPA PC<br>PO Box 19016<br>Kalamazoo, MI 49019-0016 | 701 Broadway Room 170<br>Nashville, TN 37203-3979 |
| Business Backer<br>10856 Reed Hartman Hwy Ste 100<br>Cincinnati OH 45242-0209 | Carbon Glory<br>1177 Sixth Avenue<br>New York, NY 10036-2714 | Corporation Service Company<br>PO Box 2576<br>UCCSPREP CSCINFOCOM<br>Springfield IL 62708-2576 |
| DISCOVER<br>ATTN: BANKRUPTCY DEPT<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | DSL Pearl<br>98 Cuttermil Road<br>Suite 211N<br>Great Neck, NY 11021-3010 | First Corp. Solutions, As Rep.<br>914 S Street<br>SPRS FICOSO COM<br>Sacramento CA 95811-7025 |
| Gene Wurzel Rosen<br>200 Garden City Plaza<br>Suite 405<br>Garden City, NY 11530<br>Garden City, NY 11530-3338 | Green Capital Funding LLC<br>116 Nassau St<br>New York NY 10038-2402 | HP Exports<br>8807 Ficke Cv<br>Austin-TX 78717-4844<br>, |
| Indoor Media<br>1445 Langham Creek<br>Houston, TX 77084-5012 | K Star<br>PO Box 31903<br>Knoxville TN 37930-1903 | Kabbage<br>Lincoln & Morgan<br>600 W Broadway Ste 700<br>San Diego CA 92101-3370 |
| LG Funding<br>1218 Union St.<br>Brooklyn NY 11225-1512 | LG Funding LLC<br>200 Garden City Plaza<br>Suite 405<br>Garden City, NY 11530<br>Garden City, NY 11530-3338 | PNP Diamond<br>31 West 47th St<br>#708<br>New York, NY 10036-2808 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Paul G Wilson<br>325 Eastside Rd<br>Burns TN 37029-5243 | Pure Capital Group<br>14 Mayflower Dr<br>Basking Ridge NJ 07920-3803 |
| REGIONS BANK<br>ATTN: BANKRUPTCY DEPT<br>PO BOX 11007<br>BIRMINGHAM AL 35288-8800 | ROBERT SCOTT DAVIS<br>169 WOODMONT BLVD<br>Nashville TN 37205-2239 | TENNESSEE DEPARTMENT OF REVENUE<br>500 DEADERICK STREET<br>ANDREW JACKSON STATE OFFICE BUILDING<br>Nashville TN 37242-0001 |
| TN Dept of Revenue<br>c/o TN Attorney Generals Office<br>PO Box 20207<br>Nashville TN 37202-4015 | The Business Backer, LLC<br>7570 Bales Street, Suite 220<br>Liberty Township, OH 45069-0004 | (p)SBA<br>Attn: SBA<br>1835 Assembly Street<br>Suite 1425<br>Columbia, TN 37215 |

```
US Small Business Admin                US TRUSTEE                                 ERICA R. JOHNSON
2 North Street Suite 320               OFFICE OF THE UNITED STATES TRUSTEE        ERICA R JOHNSON, ATTORNEY AT LAW, PLLC
Birmingham AL 35203                    701 BROADWAY STE 318                       8161 HIGHWAY 100
                                       NASHVILLE, TN 37203-3966                   SUITE 184
                                                                                  NASHVILLE, TN 37221-4213


Jay Lefkovitz
908 Harpeth Valley Place
Nashville, TN 37221-1141
```

             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
PORTFOLIO RECOVERY                     U.S. Small Business Administration
120 CORPORATE BLVD #120                2 International Plaza Suite 500
NORFOLK VA  23502                      Nashville, TN 37217
```

             The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)THE BUSINESS BACKER, LLC            (d)K-Star Corp.                            End of Label Matrix
                                       PO Box 31903                               Mailable recipients    33
                                       Knoxville, TN 37930-1903                   Bypassed recipients     2
                                                                                  Total                  35
```